# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DENA MARIE WALDROP**                                                      **PLAINTIFF**

**V.**                                                          **NO. 3:18CV00108-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held April 4, 2019, the court finds the ALJ's decision is not supported by substantial evidence in the record. Specifically, the ALJ failed to properly consider the claimant's fibromyalgia impairment. First, the ALJ failed to consider evidence from an October 5, 2015, office note of the claimant's treating physician, Dr. Sajish Jacob, diagnosing fibromyalgia "given the constellation of generalized pain, headache, cognitive impairment, depression, GI symptoms and multiple tender points on exam; and extensive w/u negative for common organic causes". The ALJ's error is evident because the ALJ concluded the "record contains no evidence showing that the claimant exhibits the symptoms associated with this impairment [fibromyalgia]." Had the ALJ fully considered this evidence, it is likely the record contains the Section II. A "specific" requirement

for establishing fibromyalgia under SSR 12-2P.  Second, there is no indication the ALJ considered SSR 12-2P's alternate "specific" requirement for establishing fibromyalgia, which appears to have been established by Dr. Jacob's records.[1]

On remand, the ALJ must recontact Dr. Jacob for clarification regarding the existence of evidence that the claimant meets the specific requirements of fibromyalgia as required by SSR 12-2P *and/or* order a consultative examination(s) of the claimant, providing the examining physician(s) with all the medical evidence in the file related to the claimant's impairments.  In any event, the ALJ must *also* obtain from the physician(s) a function-by-function assessment of the claimant's ability to perform physical and mental work activity.  The ALJ must consider the new evidence along with all the evidence in the record.  If necessary, the ALJ must also obtain supplemental vocational expert evidence.  Ultimately, the ALJ will render a new decision on the issue of whether the claimant is disabled.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 9th day of April, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[1] Pursuant to Section II. B of SSR 12-2P, a claimant may also establish fibromyalgia if a claimant's physician provides evidence of 1) a history of widespread pain; 2) repeated manifestations of six or more FM symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems . . ., waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and 3) evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded."